UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD CIVIL ACTION

VERSUS

BOBBY JINDAL, ET AL. NO.: 09-00214-BAJ-SCR

## RULING AND ORDER

Before the Court is Plaintiff John Poullard's **Motion to Vacate or Amend to Chief Judge Jackson['s] Ruling on October 29 2013 (sic) (Doc. 12)**, seeking an order from this Court vacating its ruling that prevents Plaintiff from filing future lawsuits in this Court without paying the full filing fee. (Doc. 11.) Plaintiff asserts that, pursuant to the imminent danger exception of 28 U.S.C. § 1915(g), prohibiting him from filing any future lawsuits without paying the filing fee denies him protection under the statute. The motion is unopposed. Oral argument is not necessary.

## I. BACKGROUND

On April 13, 2009, Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed suit pursuant to 42 U.S.C. § 1983 against the Defendants, Governor Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Warden Darryl Vannoy, and Warden Greg McKey. (Doc. 1.) Plaintiff alleged that he was transferred to another penitentiary in retaliation for writing a response to statements made by the governor regarding the economic stimulus plan proposed by President Barack Obama. Plaintiff filed a motion in forma pauperis to proceed. (Doc. 2.) The Magistrate Judge denied Plaintiff's motion

on the basis that Plaintiff had on more than three prior occasions filed lawsuits in federal court that were eventually dismissed as frivolous. Plaintiff was ordered to pay the full filing fee. (Doc. 3.)

Plaintiff appealed the Magistrate Judge's decision. (Doc. 5.) The Court, however, denied Plaintiff's motion, and subsequently entered an order directing the Clerk of Court not to accept any further suits from Plaintiff unless the full filing fee was paid. (Docs. 8, 9.) Plaintiff is now required to pay the full filing fee before filing any federal lawsuits pursuant to the order. On March 13, 2013, Plaintiff filed a motion to amend the order and subsequent judgment (Doc. 10), asking the Court to remove his filing fee requirement for future suits. The Court denied Plaintiff's motion. (Doc. 11.) Here, Plaintiff again requests that the Court vacate or amend its order and allow filings without the fee payment because he may, at some future time, fall within the imminent danger exception pursuant to 28 U.S.C. § 1915(g). He asserts that, because his case will never be reviewed by the Court without paying the fee, the Court will never determine if he has alleged a threat of imminent danger.

## II. ANALYSIS

For the reasons stated in the Court's previous order (Doc. 11), as well as the reasons stated herein, Plaintiff's motion is denied. Plaintiff alleges, theoretically, that he may be in imminent danger at some point in the future, and that the Court will have no way of reviewing his pleading because of the fee obligation. Plaintiff alleges that this is in violation of his rights.

Plaintiff's argument is unavailing because he has not alleged a case or controversy for this Court to consider. The facts relevant to *this particular complaint*

have already been reviewed at length, and the Court determined that Plaintiff's claims did not allege an imminent threat of danger. (Docs. 3, 8, 9.) Thus, that determination, coupled with Plaintiff's frequent frivolous filings, obligated the Court to dismiss the case and require full payment of the fee. Now, Plaintiff attempts to convince the Court that he may fall within the imminent danger exception of 28 U.S.C. § 1915(g) in the future, and that the Court should vacate its standing order so that his claim(s) can be reviewed. However, Plaintiff's assertion and the requested relief are not related to the facts here. In fact, Plaintiff seeks relief on issues that may never come to fruition. The Court does not issue rulings based on mere speculation or where there is not an actual claim or controversy. *See Atlantic Cas. Ins. Co. v. Ramirez*, 651 F.Supp. 2d 669, 673 (N.D. Tex. 9/2/09) ("Moreover, for a Federal Court to exercise jurisdiction over a controversy, it must also be ripe, meaning that the controversy must be mature and not merely speculative.").[1] Nor does the Court issue advisory opinions. Stated differently, this Court cannot issue relief for future events that have not happened and may not happen.

Moreover, as previously stated, the record is clear that Plaintiff has on three prior occasions filed lawsuits in federal court that have been dismissed as frivolous for failure to state a claim upon which relief can be granted. He has been determined to be a prolific filer of the federal court system. In fact, after a review of the Court's records, it was discovered that Plaintiff has filed no less than twenty-six (26) cases in this Court since 1992, with most being dismissed as frivolous. He also has suits pending before

---

[1] *See Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002) ("Article III of the Constitution confines federal courts to the decision of 'cases' and 'controversies.'").

two other judges in this District. Plaintiff has engaged in the exact behavior that Congress intended to prevent when it enacted 28 U.S.C. § 1915(g).

To the extent that Plaintiff claims he may suffer a threat of imminent danger in the future, Plaintiff should make every effort to prepare for any fee that he may incur. He has placed himself in a position that the Court is required to address. Plaintiff attempts to circumvent the established law by insisting that he will be in danger in the future and that the Court should be sensitive to his circumstances. Yet, he fails to point to any facts or evidence to support his assertion.

This Court cannot ignore Plaintiff's consistent abuse of the judicial process. As such, the Court does not find it necessary to amend its previous ruling requiring the Plaintiff to pay the full filing fee.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff John Poullard's **Motion to Vacate or Amend to Chief Judge Jackson['s] Ruling on October 29 2013 (sic) (Doc. 12)** is **DENIED**.

Baton Rouge, Louisiana this 22nd day of April, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA